UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LINDELL ORR,** | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) Judge _____ |
| **EDWARD M. MOSER,** | ) Magistrate Judge _____ |
| **THOMAS B. SWEENEY, and** | ) |
| **CITY OF CHICAGO,** | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, LINDELL ORR, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

```
FILED: NOVEMBER 16, 2008
08 CV 6572
JUDGE CASTILLO
MAGISTRATE JUDGE ASHMAN
YM
```

**PARTIES**

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants EDWARD M. MOSER and THOMAS B. SWEENEY were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**STATEMENT OF FACTS**

8. On November 16, 2006, at approximately 4:00 PM, plaintiff, LINDELL ORR, was lawfully walking in a public park towards S. Cottage Grove Avenue, engaged in lawful activity.

9. Defendants EDWARD M. MOSER and THOMAS B. SWEENEY, who were in a police vehicle in the vicinity of S. Cottage Grove Avenue and E. 36th Street, stopped plaintiff without reasonable suspicion and without legal cause.

10. Defendants MOSER and SWEENEY searched plaintiff and arrested him, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

11. Defendants MOSER and SWEENEY caused false trespass and felony drug charges to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said crimes.

12. Plaintiff, LINDELL ORR, was wrongfully incarcerated for more than three weeks for said false criminal charges.

13. The false criminal charges against plaintiff were ultimately dismissed and plaintiff was released from custody.

14. By reason of the above-described acts and omissions of the defendant police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

15. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

16. Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiff Against Defendant MOSER and SWEENEY for Illegal Stop**

17. Plaintiff, LINDELL ORR, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

18. The stop of plaintiff by defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

19. By reason of the conduct of defendants, plaintiff, LINDELL ORR, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MOSER and SWEENEY, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Defendants MOSER and SWEENEY for Illegal Search

20. Plaintiff, LINDELL ORR, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

21. The search of plaintiff's person was without probable cause, or even reasonable suspicion, to believe that plaintiff was involved in any criminal activity and was unreasonable.

22. By reason of the conduct of defendants, plaintiff, LINDELL ORR, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MOSER and SWEENEY, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against Defendants MOSER and SWEENEY for False Arrest

23. Plaintiff, LINDELL ORR, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

24. The arrest and incarceration of plaintiff by defendants MOSER and SWEENEY for the purpose of charging him with false crimes were without probable cause and unreasonable.

25. By reason of the conduct of the individual defendants, plaintiff, LINDELL ORR, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MOSER and SWEENEY, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Defendants MOSER and SWEENEY for Due Process Violations

26. Plaintiff, LINDELL ORR, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

27. Defendants MOSER and SWEENEY deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

28. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

29. By reason of the conduct of the individual defendants, plaintiff, LINDELL ORR, was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MOSER and SWEENEY, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

### COUNT V
### Plaintiff Against Defendants MOSER, SWEENEY, and CITY OF CHICAGO for the State Supplemental Claim of Malicious Prosecution

30. Plaintiff, LINDELL ORR, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

31. Defendants MOSER and SWEENEY maliciously caused criminal charges including a felony drug charge to be filed and prosecuted against plaintiff. There was no probable cause for the institution of any criminal charge against plaintiff. The criminal proceedings were commenced and continued maliciously.

32. Defendants MOSER and SWEENEY facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and giving false information under oath.

33. Plaintiff was wrongfully incarcerated for over three weeks as a direct result of the prosecution of the criminal charges.

34. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

35. The criminal proceedings were terminated in plaintiff's favor.

36. Defendants MOSER and SWEENEY, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

37. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, LINDELL ORR, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.    That defendants be required to pay plaintiff special damages,

    C.    That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.    That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F.    That plaintiff be granted such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: November 16, 2008                              /s Irene K. Dymkar
                                                              Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123